UNITED STATES DISTRICT COURT FOR THE
NORTHERN ILLINOIS DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 11cv5937 |
| | ) | |
| v. | ) | |
| | ) | |
| Aimee Krause | ) | Magistrate Judge Jeffery T. Gilbert |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John A. Goudge | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**FILED**
NOV 03 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINANT'S REBUTTAL BRIEF TO RESPONSE FROM RESPONDENT GOUDGE

NOW COMES, defendant, AIMEE KRAUSE, to reply to the Response of Respondent, John A. Goudge, hereafter referred to as the "Respondent."

1. Respondent posted un-redacted personal identifiers using the CM/ECF filing system in case 11cv5937 on August 26, 2011. The documents were re-authored by the US District Court, Northern Illinois Division, on August 26, 2011. Attempts by Respondent to redact the information on August 29, 2011, failed as a remedy because the documents were already re-authored outside the PACER system. Respondent has a specific duty of care under FRCP 5.2(a) that he failed to exercise in this filing.

2. Respondent's assertion that the fault was that of the Clerk has been refuted repeatedly by The Court's own policies and statements:

    "The clerk is not required to review documents filed with the court for compliance with this rule. The responsibility to redact filings rests with counsel and the party or non-party

making the filing." Fed. R. Civ. P. 5.2 advisory committee's note.

The CM/ECF requires filers to check a box prior to login, acknowledging their responsibility to redact, and displays a reminder prior to their final submission asking "Have you redacted?" Respondent failed to exercise the duty of care expected of him and ignored the warning systems put in place by the Court to prevent such conduct.

3. Sanctions have been ordered using the inherent power of the Court in similar cases:

"Because of the serious consequences of Moccio's conduct and the lack of judgment demonstrated by his actions, the Court imposes the following sanctions under its inherent power:" — Civil File No: 06-CV-2410 MJD/RLE, Engeseth, et al v . The County of of Isanti, Minnesota, UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA. http://minnlawyer.com/wp-files/pdf/sanctions.pdf

&

"Parties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet." Fed. R. Civ. P. 5.2 advisory committee's note. Every federal district has now embraced electronic filing. The days of attorneys being able to ignore the computer and shift blame to support staff in the event of an error are gone. The consequences are simply too serious. To the extent there are attorneys practicing in federal court who are under the impression that someone in the Clerk's office will comb their filings for errors and call them with a heads-up, the Court delivers this message: It is the responsibility of *counsel* to ensure that personal identifiers are properly redacted. The Court does not have the resources to review and correct filings. The days of paper filings—with accessibility to files limited not by law but by the practical challenges of driving downtown, paying for parking, checking out the file, and paying the friendly clerk of court to make copies—are gone. Attorneys who are slow to change run the very real risk of sanctions.

In this case, the Court imposes the following sanctions under its inherent power." — Civil No. 09-3681 (JNE/JJK), Allstate Insurance Company v. Linea Latina de Accidentes STATES DISTRICT COURT DISTRICT OF MINNESOTA. http://courtops.org/wp-content/uploads/2010/12/redactionrule_sanctions_10113422763.pdf

4. Respondent had a specific duty of care in 37 other cases, identified by the Defendant, that he filed using the CM/ECF between July 25, 2011 and August 26, 2011, and Respondent failed to exercise the caution that a reasonable man would exercise as a legal professional with 30+ years of experience. There are still un-redacted birthdates published to the PACER system in 20 complaints as of 11/3/2011. Defendant will provide the court with these cases, in camera, as they place unrelated parties at risk.

5. Respondent filed 41 complaints prior to filing the complaint against the Defendant using CM/ECF. He failed to exercise a reasonable duty of care to prevent the release of social security numbers and/or dates of birth of Defendants..

6. The harm is an "injury-in-fact," an invasion of a legally protected interest.

> "This Court has recognized the important role that Congress plays in protecting the legal rights of individuals, stating that an injury-in-fact "may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" Warth v. Seldin, 422 U.S. 490, 500 (1975)"—Amicus Curae Brief by Electronic Privacy Information Center (EPIC) in the matter of Edwards v. First American http://www.jdsupra.com/post/documentViewer.aspx?fid=e600db2a-1d09-4f04-a586-b683c42bf1fe

I ask the Court, isn't an invasion of FRCP 5.2(a) an instance which also confers such a standing?

7. The harm from the loss of Personal Identifying Information (PII) has been identified by the National Institute of Standards and Technology as:

... Harm to an individual includes any negative or unwanted effects (i.e., that may be socially, physically, or financially damaging). Examples of types of harm to individuals include, but are not limited to, the potential for blackmail, identity theft, physical harm, discrimination, or emotional distress..—" Guide to Protecting the Confidentiality of Personally Identifiable Information (PII)", publication sp800-122, pg 17-18. http://csrc.nist.gov/publications/nistpubs/800-12/handbook.pdf

"The types of harm that could be caused by a breach involving PII at the moderate impact level include financial loss due to identity theft or denial of benefits, public humiliation, discrimination, and the potential for blackmail. Harm at the high impact level involves serious physical, social, or financial harm, resulting in potential loss of life, loss of livelihood, or inappropriate physical detention." —" Guide to Protecting the Confidentiality of Personally Identifiable Information (PII)", publication sp800-122, pg 18 http://csrc.nist.gov/publications/nistpubs/800-12/handbook.pdf

Regardless, harm should notneed be illustrated to sanction under FRCP 5.2(a).(see Point 6)

8. From a paper presented by the Homeland Security Committee of the U.S. House of Representatives, entitled, "Identity Theft and Terrorism,"

" For Terrorists, access to such information is important because it allows them to assume another person's identity. According to the National Commission on Terrorist Attacks Upon the United States, "identity theft is one method by which terrorists evade detection."—Identity Theft and Terrorism, Democratic Staff of the Homeland Security Committee, July 1, 2005 https://www.hsdl.org/?view&did=455153

9. FRCP 5.2(a) was instituted to curb reckless conduct. The Respondent's admission to his violation is his admission to reckless conduct.

## **RELIEF SOUGHT**

WHEREFORE, defendant, AIMEE KRAUSE, prays for the following relief:

10. The Court issue sanctions against Mr. Goudge for failure to redact under FRCP 5.2(a).

11. The Court order that Mr. Goudge pay for credit monitoring for the Defendant for a period of not less than 25 years. A Social Security Number remains with a person for all of their natural life and beyond, its disclosure in a public forum creates real risk, identified by the Court, the Executive Branch and the Legislature.

12. The Court also sanction the Plaintiff, The United States of America, for its failure to oversee the work of its agents and instrumentalities, the Respondent. One must answer for the acts of one's agents.

13. The Court dismiss with prejudice the claim against the defendant. Respondent's actions and failure to redact have exposed defendant to identified risks and future loss. The Plaintiff failed to exercise sufficient oversight with its agent to prevent these violations. The risk far outweighs the money damages sought by the plaintiff. This sanction is what is necessary to deter repetition of this conduct.

14. The Court enjoin Respondent from filing using the CM/ECF system until he has undergone retraining.

15. The Court Completely seal the complaint's exhibits, A, C & E and render them completely unavailable online.

16. The Court order the issuance of a new Social Security Number to the Defendant, and that the Respondent pay reasonable costs to Defendant for any fees incurred or time spent obtaining and updating the Defendants accounts, including, but not limited to Banking, Driver's License, insurance, credit cards and other financial matters.

17. The Court consider a monetary fine to be paid to charity, (e.g.. Chicago Lights Urban Farm) as per examples, Allstate Insurance Company v. Linea Latina de Accidentes & Engeseth, et al v . The County of Isanti, Minnesota.

18. The Court extends these remedies described in 10, 11, 12, 13, 14, 15 & 16 to all 37 victims of Respondent's failure to exercise his responsibilities under FRCP 5.2(a).

19. The Court bring their operating procedures up to the specifications outlined in the NIST document , "Guide to Protecting the Confidentiality of Personally Identifiable Information", publication sp 800-122 , to ensure the integrity of the court moving forward, with special attention to creating a way to report these violations in the future so that the Court does not have to be burdened with the removal of these documents:

    "To appropriately protect the confidentiality of PII, organizations should use a risk-based approach; as McGeorge Bundy once stated, —If we guard our toothbrushes and diamonds with equal zeal, we will lose fewer toothbrushes and more diamonds. This document provides guidelines for a risk-based approach to protecting the confidentiality of PII. The recommendations in this document are intended primarily for U.S. Federal government agencies and those who conduct business on behalf of the agencies," .—" Guide to Protecting the Confidentiality of Personally Identifiable Information (PII)", publication sp800-122, pg 7. http://csrc.nist.gov/publications/nistpubs/800-122/sp800-122.pdf

20. The Defendant asks the Court take note the sanctions in the previous cases have not been severe enough as to deter future violations. The Court has the opportunity to send a message to the legal community that disregarding the privacy of opposing parties is a matter the court finds untenable and that there are real and swift penalties imposed on parties who fail to exercise the duty of care required of them under FRCP 5.2(a).

21. There is the real possibility Respondent violated FRCP 5.2(a) to humiliate and embarrass opposing parties, exposing them to known and identified risks, as a strategy for debt

collection. There is the real possibility, parties coming before the Court invested in the business of debt collection, may well ignore the rules and treat sanctions as part of the cost of collection. It is not hard to infer Respondent's willful disclosure of personal information as a tactic to collect a debt, given the number of incidences herein illustrated and the obvious fiscal rewards successful collection of the debts present, even offset by the sanctions historically applied to ignoring the rule. Defendants victimized in this way, under the burden of their circumstances, are those least likely to be able to defend themselves against this type of violation. Sanctions must be of a severity to bring possible repercussions to the forefront of the minds of those initiating complaints such as the one placed against this Defendant, not simply to mitigate the latent, hard to assess damages. Finally, I ask again, that you dismiss with prejudice, in the face of Respondents repeated and blatant disregard of FRCP 5.2(a).

22. Any additional remedy the Court deems appropriate in this matter.


Respectfully Submitted,

*[signature]*

Aimee Krause

Pro Se Litigant
2903 N. Kolmar #2
Chicago, IL 60641
Telephone (312) 350-0501
aimeeskrause@gmail.com