**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 11 C 5937 |
| v. ) | |
| ) | Magistrate Judge Gilbert |
| AIMEE KRAUSE ) | |
| ) | |
| ) | |
| Defendant. ) | |

**SUR-RESPONSE TO MOTION FOR SANCTIONS**

NOW COMES the Respondent, JOHN A. GOUDGE, and for his sur-response to defendant's motion for sanctions states as follows:

**ARGUMENT**

Movant has not filed an affidavit or other evidence that contradicts the facts set forth in the affidavits of Regina Buford and John Goudge, which were attached to the response as Exhibits D and E to the Response. As a result, the Court must consider those affidavits to be true. Those affidavits show that the respondent and his firm redacted the personal information pursuant to Rule 5.2(a) but that some of the redacted information bled through when the documents were scanned in while being electronically filed, becoming at least partly legible. Further, Ms. Buford's affidavit establishes that the respondent and his firm promptly complied with the Court's August 29 order and filed amended exhibits as ordered by the Court. Further, respondent's firm moved in other cases where identifying information had not been completely redacted to withdraw and replace the improperly redacted information, informing the Court that the information had not been properly redacted.

## RESPONDENT CANNOT BE HELD RESPONSIBLE FOR THE CLERK'S FAILURE TO COMPLY WITH THE COURT'S ORDER

Movant's attempt to charge Respondent with responsibility for the additional time the original exhibits could be accessed after August 29, 2011 is without merit. That delay resulted from the failure of the clerk's office to remove the offending exhibits from the court's website after the Court had ordered that the clerk remove them. The extra period of time the documents might have been accessible cannot be charged to the Respondent or held up as an example of his indifference.

Respondent properly and reasonably relied on the Court and its orders. The August 29, 2011, order informed the plaintiff and its attorneys that "the Clerk's Office has temporarily restricted Exhibits A, C, and E of the complaint [1] (attachments #1, #3 and #5)." The order directed counsel "to properly redact and refile those exhibits via the CM/ECF system." The Court then directed that, "Once the redacted exhibits have been refiled, the Clerk shall replace the restricted exhibits with the redacted versions of those exhibits."

Ms. Buford's uncontradicted affidavit establishes that the properly redacted exhibits were filed on August 29. Respondent's uncontradicted affidavit establishes that when he checked on August 30, he could not access the original exhibits. The respondent and his firm did what the Court ordered and then went beyond it by verifying that the original exhibits were unavailable on the CM/ECF system.

Though the Respondent and his firm may have initiated the improper filings, they had no control over the court's web site and the listing of recently filed cases. Nor would they have any reason to know that documents would not be removed from that second site. They can hardly be faulted for the clerk's omission.

Though the defendant improperly seeks to represent other unidentified individuals, the

uncontradicted affidavits of Regina Buford and John Goudge establish that the Respondent and his firm on learning of additional improperly redacted documents immediately moved to withdraw the incompletely redacted documents and substitute new properly redacted documents. In each case, the motions informed the Court of the error. The court in each case, granted the motion without imposing sanctions. That prompt action demonstrates a lack of recklessness and indifference to the Court's authority. Likewise, the various judges who heard the motions thought the error not worthy of sanctions.

Movant has not provided Respondent with information on her new claim that there are still cases as to which birthdates are still visible. However, since she does not claim that <u>her</u> birthday is visible, whatever information that may not have been properly redacted in other cases is irrelevant to her motion. Respondent and his firm will conduct a review of the cases which they filed to identify any cases on which birthdates are still visible and provide that information to new counsel for the United States and to the Court *in camera*. Additionally, Respondent and his firm will assist new counsel for the United States in redacting any cases in which information was not completely redacted, if necessary.

## MOVANT FAILED TO MITIGATE HER DAMAGES

Movant at the October 27 hearing informed the Court that the improperly redacted documents had continued to be accessible for 63 days but only on the court web site, not through the CM/ECF system. That statement indicated that Movant had known of the documents and had known that they were still accessible from the court website but did not contact the Respondent to inform him of the second site. Nor did she appear to have contacted the Court or the clerk's office in an effort to quickly resolve the matter. Instead, she kept silent, not revealing the existence of the second site until the October 27 hearing, when she had to

explain her claim that the documents were still available when they could not be accessed on CM/ECF.

Movant's silence amounts to a failure to mitigate. An aggrieved party must seek to mitigate his damages and resolve the situation as efficiently as possible. *Outboard Marine Corp. v. Babcock Indus.*, 106 F.3d 182, 184 (7th Cir. 1997), citing *EVRA Corp. v. Swiss Bank Corp.*, 673 F.2d 951, 957-58 (7th Cir. 1982); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1289 (7th Cir. 1986). That duty has been extended to violations of Rule 11. *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir. 1988)

In *Dubisky,* the Seventh Circuit remanded a Rule 11 sanction award to the district court for redetermination due to the defendant's failure to mitigate damages. There, plaintiff inaccurately alleged diversity jurisdiction. Rather than calling or emailing plaintiff's counsel to tell him of the error, the defendants filed an extensive motion to dismiss and moved for sanctions. All that unnecessary activity generated extensive fees and ultimately sanctions equaling all the fees arising from the motion to dismiss. The Seventh Circuit held the award to be in error since the litigants have a duty to use the least expensive alternative to alert the Court and the offending party to a possible Rule 11 violation. See also, *Divane v. Krull Elec. Co.*, 319 F.3d 307, 321 (7th Cir. 2003)

Therefore, the defendant cannot complain of exposure of identifying information beyond August 29, when the material was removed from CM/ECF.

## SANCTIONS ARE NOT WARRANTED

Sanctions are not warranted. Rule 5.2, unlike Rule 11 or Rule 26, does not provide for sanctions.

Nor would civil contempt sanctions be appropriate. Civil contempt sanctions have the

dual purpose of compelling compliance with the Court's orders and compensating the complainant for losses caused by contemptuous actions. *Tranzact Tech., Inc. v. 1Source Worldsite*, 406 F.3d 851, 856 (7th Cir. 2005). Sanctions to compensate the aggrieved party must be based on evidence of actual loss. *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 752 (7th Cir. 2007), citing *South Suburban Housing Center v. Berry*, 186 F.3d 851, 854 (7th Cir. 1999) (quoting *United Mine Workers v. Gibbs*, 330 U.S. 258, 304, 67 S. Ct. 677, 91 L. Ed. 884 (1947))

In *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 752 (7th Cir. 2007), the Seventh Circuit reversed a $5,000 a day contempt award as an abuse of discretion because there was no evidence of either the actual losses the aggrieved party suffered or what sanctions it might take to ensure compliance. *Id.*, 499 F.3d at 752. Likewise discovery sanctions are not intended to be punitive. *Powers v. Chicago Transit Authority*, 890 F.2d 1355, 1363 (7th Cir. 1989) (reducing sanctions as excessive since they verged on punitive).

Rule 11 specifically authorize sanctions. It is intended to deter the filing of improper pleadings including those without a factual or legal basis and those filed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b), *Kathrein v. Monar*, 218 Fed. Appx. 530, 531-532 (7th Cir. 2007), citiing *Vollmer v. Selden*, 350 F.3d 656 (7th Cir. 2003), *Brandt v. Schal Assoc., Inc.*, 960 F.2d 640, 646 (7th Cir. 1992); *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1030-1031 (7th Cir. 1999).

There is no ground to impose sanctions to deter to compel obedience or to compensate. Respondent and his firm were aware of their obligations and attempted to delete the identifying information. When they discovered that the redaction was not complete, they promptly moved

to remedy the situation by filing properly redacted exhibits as the Court ordered and moving in other cases to remove the improperly redacted documents and substitute properly redacted exhibits. Thus, the Court has no need to impose sanctions to compel obedience.

Further, there is no need to deter future conduct or sanction for filings filed for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Respondent attempted to redact the information in the initial filings. Had he or his firm intended to harass as Movant now claims in her reply memo, they would not have attempted to redact the information. When he and his firm learned that the initial redaction was less than complete they acted immediately to correct the situation by promptly obeying the Court's order to file properly redacted Exhibits. Since the complained of filings were unintentional and they acted diligently to cure the error they do not need to be deterred.

Nor can sanctions be awarded to compensate the Movant. Movant does not claim that she suffered any pecuniary loss, identify theft or actual damages as result of the alleged violations. Nor does she claim that anyone else suffered any loss. Nor does she claim that any party other then herself accessed the pleadings, let alone reconstructed her social security number and other information.

The facts of the incident are such as to render identity theft highly unlikely. The recent case listing on the website is not searchable for name or for content. The listings appear to be removed after about 30 days whether or not the actual files are also removed. Based on the information that Movant supplied at the October 27 hearing, one would have to know the exact internet protocol address of the server, the file path and the exact case number to access a case after 30 days.

Additionally, as pointed out in the uncontradicted affidavit of Regina Buford some of the

information bled through the redaction. That would make recovering the information difficult and problematic.

Further, the Movant is being sued for her failure to pay delinquent student loans that have been outstanding for over 25 years. Presumably, she lacks funds to pay the loans. Her credit is compromised by that delinquent debt and by the suit charging that she has breached the loan agreement. Those circumstances render her a highly unlikely target for identity theft.

### MOVANT'S CITED AUTHORITY IS WITHOUT VALUE

The Movant's authority is not supportive of her claim. She cites no Appellate or Supreme Court case authorizing sanctions for a violation of Rule 5.2. Nor is there one.

Movant did not site to any violations of any statute or any penalties authorized by statute in circumstances like this.

The two orders Movant refers to are both trial court orders without precedential value. See, *Horn Farms, Inc. v. Johanns*, 397 F.3d 472, 478 (7th Cir. 2005). Further, an attempt to locate any motion or pleadings setting forth the relevant facts was unsuccessful.

Additionally, the facts are very different. In Allstate Insurance Company v. Linea Latina De Accidentes, Inc., the plaintiff's counsel took no steps for several months to remedy the situation thus showing at best indifference and at worst a wanton disregard of the Court's authority. In contrast, here, once Respondent was apprised of the incomplete redaction Respondent promptly complied with the Court's order the next business day after the filings and promptly moved in the other cases to withdraw and replace the exhibits.

Movant now seeks to introduce new matters including a personal attack claiming that Respondent had embarked on strategy of disclosing the identifying information to humiliate and embarrass opposing parties. Not only is it improper for her to raise new issues, but also she

neither explains the strategy nor does she provide any evidence of the existence of such a strategy. To the contrary, the uncontroverted affidavits of Respondent and Ms. Buford establish that the incomplete redaction was entirely inadvertent.

  WHEREFORE, Respondent John A. Goudge respectfully requests that the Court deny defendant's motion for sanctions against him.

              Respectfully submitted,

              */s/ John A. Goudge*
              John A. Goudge

GREENE AND LETTS
111 W. Washington St.
Suite 1650
Chicago, IL 60602
312-346-1100