IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 5937 |
| | ) | |
| | ) | Jeffrey T. Gilbert |
| AIMEE KRAUSE, | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

## AMENDED REPORT AND RECOMMENDATION[1]

Plaintiff United States of America ("United States"), by its then-counsel John Goudge ("Goudge") of the law firm Greene & Letts, sued Defendant Amiee Krause ("Krause") alleging that she was indebted to the United States for unpaid student loans obtained more than 20 years ago.[2]  When the Complaint was filed, counsel for the United States failed to comply with Rule 5.2 of the Federal Rules of Civil Procedure which requires, among other things, that a person's social security be redacted in public court filings.  Krause's social security number was not completely or effectively redacted from the publicly-filed exhibits to the Complaint.  Krause

---

[1] My original Report and Recommendation in this case was issued on December 2, 2011.  On December 13, 2011, I granted an oral motion by Respondents Greene & Letts and John Goudge to amend that Report and Recommendation and redact from the body of that document the name of the Greene & Letts paralegal involved in filing the Complaint in this case. The Clerk of Court has been instructed to substitute this Amended Report and Recommendation as Docket Entry 21 on the CM/ECF system in place of my original Report and Recommendation.  Other than the redaction of the paralegal's name, the Report and Recommendation is unchanged.

[2] The United States has since terminated its relationship with Goudge and Greene & Letts in this case and substitute counsel has filed an appearance on behalf of the United States.  Goudge and, through him, Greene & Letts, remains as a respondent to the instant Motion.

filed a Motion to Dismiss and For Sanctions [Dkt.#9] asking that the Complaint be dismissed and that Goudge be sanctioned for his violation of Rule 5.2. For the reasons discussed below, I recommend that Krause's Motion be granted in part and denied in part.

## I. FACTS

The original Complaint in this case was filed on Friday, August 26, 2011. Goudge was assisted in filing the Complaint and in redacting the exhibits attached to the Complaint by a paralegal with the Greene & Letts law firm. Attached as exhibits to the Complaint were copies of Krause's student loan documents. The loan documents included, in several places, Krause's social security number. In two instances, no attempt was made to redact Krause's social security number from the loan documents before they were filed. In other instances, counsel attempted to obscure Krause's social security number with a black marker, but the redaction was ineffective and Krause's social security number was fully or partially visible through the marker in some places.

Rule 5.2(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that no electronic or paper filing may contain more than the last four digits of an individual's social security number. The United States' Complaint was filed electronically on the Court's CM/ECF system. When a person logs into the CM/ECF system, the first thing he or she sees on the log-in page is a notice of redaction responsibility. The notice reads as follows:

> **"IMPORTANT NOTICE OF REDACTION RESPONSIBILITY:** All filers must redact: Social Security or Tax Payer-Identification Numbers; Dates of Birth; Names of Minor Children; Financial Account Numbers; and in criminal cases, Home Addresses, in compliance with Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1. This requirement applies to all documents including attachments.
>
> ☐ I understand that, if I file, I must comply with the redactions rule.  In order to file documents electronically, the filer must check the box that says he or she understands the redaction rules."

To proceed past this page and actually file documents electronically on the CM/ECF system, the filer first must check the box next to the second paragraph of this notice, immediately in front of the words "I understand," acknowledging that he or she understands the redaction requirements imposed by Rule 5.2.

On Monday, August 29, 2011, Krause called the Clerk of the United States District Court for the Northern District of Illinois and reported that the exhibits attached to the Complaint filed the previous Friday contained her clearly visible social security number.  The Clerk's Office immediately notified this Court's courtroom deputy, and the Court entered an order that same day directing that the improperly redacted exhibits be removed from the CM/ECF electronic filing system. The exhibits were removed from the CM/ECF system that day pursuant to the Court's order [Dkt.#5].

In the Northern District of Illinois, as a service to the public, the Court Clerk also places on the Court's website home page a link to recently filed complaints. Newly-filed complaints generally can be accessed from these links for

approximately 60 days after they are filed. On the same day that the improperly redacted exhibits were removed from the CM/ECF system, the Court Clerk also removed the link to the Complaint against Krause from the Court's website. Even after the link to the Complaint was removed from the Court's website, however, it turns out that a technologically savvy person could access a PDF version of the Complaint and its exhibits that remained on the Court's computer server by searching for the original URL (Uniform Resource Locator) for the document. A URL is a specific character string that, when punched into a web browser, pulls up the document associated with that URL. Neither the Court, the United States nor its then-counsel were aware that the PDF of the Complaint and exhibits could be accessed on the Court's computer server after they were removed from the CM/ECF system and the link to those documents was removed from the Court's website.

The PDF of the Complaint and exhibits remained on the Court's server until October 27, 2011. That is the date Krause first presented her Motion to Dismiss and For Sanctions [Dkt#9] in open court. During the initial hearing on that Motion, Krause informed all present that a PDF of the Complaint and attached exhibits remained accessible on the Court's computer server. On that same day, the Court issued another order directing that the PDF of the Complaint be removed from the Court's server, and it was removed the same day [Dkt.#14].

Krause knew that the PDF of the Complaint and attached exhibits remained accessible on the Court's server from August 29, 2011 to October 27, 2011. She was able to access that document by typing into her computer and iPhone the URL

4

associated with the PDF.  Krause knew the URL because she had accessed that document when the link to it was still on the Court's website between August 26 and August 29, 2011.  Unfortunately, Krause did not inform the United States, its current or former counsel, the Clerk's Office, the United States Attorney's Office, or this Court that the PDF of the Complaint and attached exhibits still was accessible on the Court's computer server between August 29 and October 27, 2011.  Had she done so, the PDF would have been removed immediately, as it was when Krause notified the Court of the situation on October 27, 2011.  Instead, she prepared her Motion, which she filed on October 20 and noticed for hearing on October 27, 2011.

Krause has introduced no evidence that her credit actually has been compromised or her identity stolen as a result of the fact that her social security number was available on the CM/ECF system and via a link on the Court's website between August 26 and August 29, 2011, or in the PDF of the Complaint and attached exhibits that remained on the Court's computer server until October 27, 2011.  The Court takes judicial notice, however, that individuals certainly can suffer serious harm when their social security numbers are publicly available on the Internet.  Identity theft is an increasingly serious problem in the United States and around the world.  Rule 5.2 of the Federal Rules of Civil Procedures was adopted in 2007 in compliance with Section 205(c)(3) of the E-Government Act of 2002, 44 U.S.C. §3501 (2006), which required the Supreme Court to prescribe rules to "protect privacy and security concerns relating to electronic filing of documents and

5

the public availability of documents filed electronically." (*See* Advisory Committee Comments to Rule 5.2.)

Krause, who is representing herself in this case and is not an attorney, asks the Court to impose a variety of sanctions against the United States and its former counsel for failing to redact properly the loan documents attached to the Complaint and filed electronically. The sanctions Krause seeks include, but are not limited to, dismissal of the Complaint, requiring the United States' counsel to pay for credit monitoring for a period of not less than 25 years, payment of a monetary fine by counsel, supplemental training for the attorney in the nuances of electronic filing, and issuance to Krause of a new social security number.

## II. LEGAL STANDARD

Krause does not specify the particular authority under which she seeks these sanctions. Generally, when considering a motion for sanctions against counsel in the course of litigation, a federal court looks to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent powers to manage the litigation process.

Bad faith is a predicate for the imposition of sanctions under both 28 U.S.C. § 1927 and the Court's inherent powers. *Chambers v. NASCO,* 501 U.S. 32, 45-46, 50 (1991)(with reference to the Court's inherent powers); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 755-56, 767 (1980)(with reference to 28 U.S.C. § 1927). *See also Maynard v. Nygren,* 332 F.3d 462, 470-71 (7th Cir. 2003). The Seventh Circuit has stated that bad faith has subjective and objective components. *Claiborne v.*

6

*Wisdom,* 414 F.3d 715, 721 (7th Cir. 2005), *cert. dismissed,* 546 U.S. 1162 (2006); *Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 120 (7th Cir. 1994).  Courts have found objective bad faith, for example, "when an attorney has acted in an 'objectively unreasonable manner' by engaging in 'serious and studied disregard for the orderly process of justice.'" *The Jolly Group, Ltd. v. Medline Industries, Inc.,* 435 F.3d 717, 720 (7th Cir. 2006), *citing Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d at 119.  Bad faith also can be established when an attorney has "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound."  *The Jolly Group, Ltd.,* 435 F.3d at 720, *citing Kapco Mfg. Co. v. C&O Enters., Inc.,* 886 F.2d 1485, 1491 (7th Cir. 1989).  The Seventh Circuit also has explained that "extremely negligent conduct, like recklessness and indifferent conduct, satisfies the standard." *Claiborne v. Wisdom*, 414 F.3d at 721.  In other words, in the absence of subjective bad faith, the standard is "objective unreasonableness." *Id.*

Rule 11 authorizes the imposition of sanctions upon a showing that counsel has been negligent.  *Hays v. Sony Corp. Of America,* 847 F.2d 412, 418 (7th Cir. 1988) (overruled on other grounds); *Transcontinental Freight Systems, Inc. v. Air France,* 1994 WL 736026 (N.D. Ill. 1994).  Sanctions under Rule 11, however, only are imposed when counsel signs, files, or submits a pleading, written motion or other paper that contains or advocates a claim, defense, legal contention, or fact in a way that runs afoul of the requirements enumerated in Rule 11(b)(1) through (4).  Thus, sanctions are appropriate under 28 U.S.C. § 1927 and under the Court's

7

inherent authority in situations that may not be covered by Rule 11. *Chambers v. NASCO,* 501 U.S. at 50. Conversely, Rule 11 sanctions may be appropriate in a case when an attorney's conduct does not rise to the level of bad faith within the meaning of Section 1927 or a court's inherent powers.

Finally, although neither party addresses the issue of this Court's authority to dismiss the Complaint or to impose sanctions, a Magistrate Judge's authority to dismiss a case or to order sanctions is limited absent consent of the parties. This case is before the Court pursuant to 28 U.S.C. §3008 and Internal Operating Procedure 11(f) of the Northern District of Illinois. Together, these provisions effect the automatic referral to a Magistrate Judge of all student loan cases filed by the United States in this District. In a referred case, however, a Magistrate Judge cannot enter an involuntary dismissal without the consent of the parties, 28 U.S.C. 636(b)(1)(A), nor can a Magistrate Judge impose sanctions under Rule 11, other than in the context of a Report and Recommendation to a District Judge, *Alpern v. Lieb,* 38 F.3d 933, 935 (7th Cir. 1994). The logic of *Alpern* also seems to apply to sanctions imposed under 28 U.S.C. §1927 and the Court's inherent powers. "A district judge may refer a dispute about sanctions to a magistrate judge for a recommendation under [28 U.S.C.] §636(b)(1)(B) or §636(b)(3), but the magistrate judge may not make a decision with independent effect." *Id.* The internal operating rules of this Court provide that when a Magistrate Judge issues a report and recommendation in a case such as this, a District Judge will be assigned by lot to hear any objections to it. *See* Internal Operating Procedure 11(f).

# III.  ANALYSIS

There is no evidence here that counsel acted with subjective bad faith in failing to redact properly Krause's social security number from the exhibits attached to the Complaint filed electronically on August 26, 2011.  Rather, the evidence is that counsel and his paralegal were extremely careless and sloppy, and even reckless and indifferent, in redacting social security numbers from the exhibits filed with the Complaint in this case and approximately 40 other complaints in student loan cases filed at or about the same time by the same attorneys.[3]  As noted, in some instances, counsel made no attempt whatsoever to redact Krause's social security number from her loan documents.  In others, counsel attempted to obscure her social security number by one swipe of a black marker.  Notwithstanding that swipe, all or part of the number is clearly visible to the naked eye upon close inspection in some places.

Goudge, an attorney, and a paralegal with Greene & Letts, have submitted affidavits in opposition to the instant Motion in which they state that the black marker swipe through Krause's social security number concealed or hid the number on visual inspection.  How that can be the case is difficult to understand since all or part of Krause's social security number is visible clearly through the black marker swipe in several places on copies of the originally-filed documents downloaded from

---

[3] Although the Court has been told that similar problems with the redaction of social security numbers occurred in other cases, this reference is only by way of background for this case involving Krause.  None of those other cases is now before this Court.

the CM/ECF system that were presented to the Court. In any event, however, Goudge and the Green & Letts' paralegal wholly failed to redact or obscure Krause's social security number where it appeared in two other places in her loan documents attached as exhibits to the Complaint (*see* Original Exhibit A, at pp. 1, 3). To the extent they visually inspected the exhibits before they were filed, Goudge and the paralegal completely missed these two places where no attempt was made to redact Krause's social security number.[4]

There is no good excuse for counsel's failure to redact properly Krause's social security number from the documents attached to the United States' electronically-filed Complaint. Rule 5.2 was adopted in 2007, almost five years ago. Counsel or those working under his supervision have a duty to be aware of the rules that govern their conduct. They are reminded of their obligations to redact personal information from electronic filings each time they access the CM/ECF system and, in particular, when they filed the Complaint against Krause. If they were not trained on how to redact properly documents before they are filed, then they should have undergone such training before filing documents and acknowledging on the CM/ECF system that they understood the filing requirements. At a minimum, copies of loan documents should be reviewed line-by-line to see if personal

---

[4] For some reason, despite submitting two briefs in opposition to Krause's Motion, Goudge completely fails to address the fact that he and the paralegal did not even attempt to redact Krause's social security number in two places in her loan documents attached to the Complaint. Instead, he focuses on whether the social security number was visible through the black marker swipe upon apparent cursory inspection.

information such as a social security number remains on such documents before they are filed electronically.

Frankly, however, even in the old days, when paper documents were filed in person and file-stamped by hand in the Clerk's office, the methods counsel employed to redact Krause's social security number from her loan documents would have been grossly inadequate and improper. Simply put, it appears as if nobody proof-read these documents with any care before they were filed. Had someone done so, they would have seen that nothing was done to obscure Krause's nine-digit social security number in certain instances, and that the number was visible through the inadequate black marker redaction in other instances. If someone did proofread these documents before they were filed, they were grossly negligent, reckless and indifferent to the sensitive nature of the personal identifying information in these documents. So, although we are dealing with electronically-filed documents today, counsel's conduct fell below the methods employed in the nineteenth and twentieth centuries, let alone the twenty-first century, with regard to safe-guarding confidential and personally sensitive information in documents placed in the public record.

Under these circumstances, the Court has no trouble finding that counsel's conduct constitutes objective bad faith in the sense that it reflects a "serious and studied disregard for the orderly process of justice" as counsel "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *The Jolly Group, Ltd.*, 435 F.3d at 720 (citations omitted). The

11

Seventh Circuit noted expressly in *Claiborne v. Wisdom,* 414 F.3d at 721, that

counsel's indifference to statutes, rules or court orders may evidence an attorney's

objective bad faith sufficient for the imposition of sanctions under 28 U.S.C. §1927.

*See also Pacific Dunlop,* 22 F.3d at 118 (noting, in reversing the imposition of

sanctions, that the lawyers in that case did not even violate a Federal Rule of Civil

Procedure or a local rule.)

There is a reason that the Federal Rules and the procedures adopted by this

Court for filing documents electronically mandate great attention and care.  The

time it would have taken to proofread the exhibits to the United States' Complaint

against Krause to make sure that her personal information was properly obscured

before the documents were filed is slight.  The potential harm from broadcasting

someone's social security number over the Internet is great.  Rule 5.2 of the Federal

Rules of Civil Procedure was adopted to prevent this kind of thing from happening.

The notice on the Court's CM/ECF system and the requirement that filers check the

box confirming that they understand and have complied with the redaction

requirements was adopted to prevent this kind of thing from happening.  Counsel

blew through all of these rules, requirements, warnings and fail-safe mechanisms.

This is "objectively unreasonable" conduct.  *Claiborne v. Wisdom*, 414 F.3d at 721.

Accordingly, sanctions are appropriately imposed here under both 28 U.S.C. § 1927

and the Court's inherent power to manage the litigation process.

The Court, however, does not find that Rule 11 sanctions are appropriate

here.  The Court perhaps could construct an argument that counsel's failure to

redact properly the exhibits to the Complaint falls within Rule 11 because the claims alleged in the Complaint are not warranted by existing law since Rule 5.2 of the Federal Rules of Civil Procedure is "existing law." But that would be a stretch. Rule 5.2 was adopted in 2007 and Rule 11 was last amended substantively in 1993. It appears that an update of Rule 11 is needed to encompass a failure to comply with the redaction requirements imposed by Rule 5.2. Rule 5.2 itself does not impose sanctions for a filer's failure to comply with that Rule, and there is nothing in the Federal Rules that expressly imposes such a sanction. Rule 11 is the closest rule to apply because it deals with the form of papers submitted to a court, but it is not squarely on point. Accordingly, I decline to apply it here.

What, then, is an appropriate sanction for this conduct, and who should be sanctioned, under Section 1927 and the Court's inherent powers? In my view, dismissal of the United States' Complaint is not a fair sanction. Counsel's filing in violation of the redaction requirement in Rule 5.2 does not change the United States' claim that Krause is indebted to it for an allegedly unpaid student loan or loans dating back more than 20 years. Nothing that counsel did prejudices Krause's ability to defend those charges on their face or merits. Whether or not counsel's conduct gives rise to a separate potential claim by Krause, it does not impact the viability of the underlying claim asserted by the United States. Accordingly, the Court recommends that Krause's request for dismissal of the Complaint as a sanction be denied.

With respect to other possible sanctions, the Court is not prevented from imposing a sanction because the actual harm to Krause as a result of Goudge's and the paralegal's misconduct is difficult to quantify or ascertain. As the Supreme Court said long ago, "[the most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." *Bigelow v. RKO Radio Pictures, Inc.,* 327 U.S. 251, 265 (1946). The real harm here is that Krause's social security number was nakedly available on the Internet to anyone who might want to use it for nefarious purposes from August 26 to August 29, 2011, and to those who had the knowledge and ability to access it on the Court's computer server until October 27, 2011. Aside from the emotional distress this can and does cause Krause, she potentially could suffer real economic loss if someone misappropriates her social security number. The time, money and effort spent monitoring whether that has happened, or addressing it if it does happen, is real.

Krause, however, must bear some of the responsibility for the continued availability of her information on the Court's computer server after August 29 because she did not contact the Clerk's office to report that situation as she did on August 29 when she called that office to report the problem initially. Krause said during the hearing on October 27 that she did not know what to do when she saw that the PDF still was available behind the scenes on the Court's server. But she knew the telephone number for the Court Clerk's office and she could have called to see whether anything could be done, particularly since prompt action was taken

14

after her first call on August 29. She did not do that. Instead, she opted to file the instant Motion seeking sanctions and the wholesale dismissal of the Complaint. That said, however, the information was put out in the public forum, in the first instance, by Goudge and the paralegal. It was publicly available at least between August 21 and 29, 2011, solely because of their misconduct.

Any harm that might flow from the public availability of Krause's information may not be known for some time. It is impossible to know whether anyone accessed Krause's social security number for an improper purpose during the time it was available on the CM/ECF system from August 26 to August 29, 2011, or thereafter until October 27, 2011. Further, although the Court's order of August 29, 2011, removing the documents from the CM/ECF system should have addressed the risk that Krause's social security number could be accessed on the CM/ECF system, it is impossible to guarantee that no technology exists to circumvent even that seemingly determinative measure. We can hope that Krause's credit and identity have not been compromised, but we cannot be completely sure. Krause must live with the fear that someone may have obtained her social security number and will use it in the future.

In similar situations, courts have ordered the offending party to provide credit monitoring services for the injured party for a reasonable period of time. *Weakley v. Redline Recovery Services, LLC,* 2011 WL 1522413 (S.D. Cal. 2011); *Allstate Insurance Co. V. Linea Latina De Accidentes, Inc.,* 2010 WL 5014386 (D. Minn. 2010); *Engseth v. County of Isanti, Minnesota,* 665 F. Supp. 2d 1047 (D.

15

Minn. 2009.) *But see Ohda v. Potter,* 2008 WL 762621 (N.D. Ind. 2008)(sanctions not imposed for inadvertent violation of Fed.R.Civ.P. 5.2). The Court believes that is an appropriate sanction in this case. Accordingly, the Court recommends that Goudge and Green & Letts, by whom Goudge and the paralegal were employed, jointly pay the cost of credit monitoring for Krause for a period of three years from the date of this Report and Recommendation.

The credit monitoring should include, at a minimum, the features provided by the Experian Credit Tracker℠ Credit Monitoring package. Based on the Court's very quick research, the cost of this kind of package is advertised as $14.95 per month. *See also Allstate Insurance Co. v. Linea Latina De Accidentes, Inc.,* 2010 WL 5014386*3-4. Other credit reporting companies provide similar services. Goudge and Greene & Letts shall investigate the cost and mechanics of providing this kind of coverage for Krause for three years. They shall send the Court and Krause a letter within seven (7) days of the date of this Report and Recommendation outlining the cost and scope of coverage to be provided. A status hearing to discuss that proposal and to finalize the details is set for December 13, 2011, at 10:00 a.m.      Greene & Letts should be sanctioned alongside Goudge because, in addition to Goudge's misconduct, the law firm's paralegal materially assisted Goudge and contributed to the violation of Rule 5.2 that is subject to sanction. Whatever procedures or systems that were in place at the law firm with respect to processing and filing student loan cases, if any, did not prevent the misconduct from occurring. The Court is aware that sanctions under 28 U.S.C.

16

§1927 are imposed only upon an attorney.  The Seventh Circuit, however, has noted that "[t]his does not mean that courts are powerless to impose sanctions on law firms that bear some responsibility for an individual attorney's conduct." *Claiborne v. Wisdom,* 414 F.3d at 723.   The court of appeals noted in that case that "the court retains inherent power to impose sanctions when the situation is grave enough to call for them and the misconduct has somehow slipped between the cracks of the statute and rules covering the usual situations." 414 F.3d at 724.  The Seventh Circuit left open the possibility that, in an appropriate case, a law firm can be sanctioned under the Court's inherent power on a respondeat superior theory based upon the conduct of an attorney or firm employee. *Id.*

This is a case in which the misconduct slips between the statutes and rules covering the usual situations.  Rule 5.2 mandates that electronic filers redact personal identifying information before a documents is filed in the Federal Rules.  Although Goudge is responsible for what happened here as counsel of record, it appears he was materially assisted by a paralegal in filing the unredacted and poorly redacted documents.  As a practical matter, after an attorney signs off on a legal document to be filed with the Court, it is often the job of non-attorneys at the firm to ensure the document is filed.

One of the purposes of court-imposed sanctions is to assure that the kind of misconduct at issue does not occur again.  Whether because of a lack of training, poor procedures, gross negligence or reckless and indifferent misconduct on the part of the firm's employees and agents, the law firm here is responsible for what

happened here on a respondeat superior basis. Under the doctrine of respondeat superior, an employer's vicarious liability extends to the negligent, willful, malicious or even criminal acts of its employees, when those acts are committed within the scope of employment. *Adames v. Sheahan*, 233 Ill.2d 276, 298, 909 N.E.2d 742, 754-755 (Ill. 2009) *citing Bagent*, 224 Ill.2d at 163-64, 308 Ill.Dec. 782, 862 N.E.2d 985. Accordingly, sanctions on both Goudge and Green & Letts are appropriate in this case.

Further, there is evidence that Krause is not the only defendant in a student loan case filed by Greene & Letts whose social security number was put on the Internet because of a failure to redact exhibits to a complaint in accordance with Rule 5.2. If any procedures were in place to prevent this kind of thing from occurring, they failed badly. If there were no procedures, then that also is a problem. Further, this was not an isolated problem if 40 or so other student loan cases also are implicated. Although those cases are not before the Court, neither Goudge nor Greene & Letts disputes that the problem with the Krause Complaint was not an isolated incident. Accordingly, sanctioning the law firm for the paralegal's and Goudge's conduct here on a respondeat superior basis is a remedy that can be imposed within the Court's inherent power, and it is necessary to deter this kind of thing from happening in the future.

Finally, Krause asks the Court to consider imposing other sanctions that the Court believes go farther than necessary to address the matters discussed above and to deter such conduct in the future. Krause, for example, asks the Court to

enjoin Goudge from using the CM/ECF system until he undergoes retraining. The Court, however, assumes that Goudge and the paralegal will undergo whatever training they believe they need on the CM/ECF system so that the kind of thing that occurred here does not happen again. Krause also asks the Court to order someone to issue to her a new Social Security number and to order Goudge to pay any expenses that might be incurred to update Krause's various accounts that require disclosure of a social security number. That seems to be an over-reaction at this point. The credit monitoring that will be put in place should be sufficient to determine whether Krause's personal identity has been compromised. If that has occurred or it occurs in the future, Krause probably has available other avenues to deal with the issue.

Krause also asks the Court to order Goudge to make a contribution to a charitable organization as a further sanction and penalty. Although that has been ordered in other cases, the Court does not believe it is necessary here to impress upon Goudge the seriousness of this matter nor would such a mandated charitable contribution do anything to help Krause. In contrast to some of the other cases cited above in which sanctions were imposed for violation of Rule 5.2, Goudge and Greene & Letts responded promptly after they learned of the problem in this case and others.

Krause also asks this Court to impose sanctions for the filing of unredacted or improperly redacted documents in other student loan cases, but those cases are not before me and there is no evidence in the record of the nature or extent of the

19

violations of Rule 5.2 in those cases.  In any event, this is not a proper venue to address that issue even if Krause had standing to raise it.

Finally, Krause asks the Court to bring its own internal operating procedures up to a higher standard to insure the prompt removal from the public domain of electronically-filed documents that contain personal identifying information.  The Court is not sure what Krause has in mind here.  As the comments to Rule 5.2 make clear, it is the responsibility of attorneys and other electronic filers, not the Court, to ensure compliance with the Rule.  (*See* Advisory Committee Comments: "[t]he clerk is not required to review documents filed with the court for compliance with this rule.  The responsibility to redact filings rests with counsel and the party or non-party making the fling.")   Moreover, the systems technology personnel who attended the hearing on Krause's Motion on November 14, 2011, assured the Court that when a link to a newly-filed complaint is ordered removed from the Court's website in the future, the PDF of the document in the background on the Court's server now also will be purged as a matter of course.  And, as noted earlier in this Report and Recommendation, had Krause brought the situation to the attention of the Court sooner, it would have been addressed and remedied sooner.

Accordingly, for all of the reasons explained in this Report and Recommendation, I recommend that Krause's Motion to Dismiss or For Sanctions [Dkt.#9] be granted in part and denied in part.  The sanctions recommended herein should be imposed jointly upon Goudge and Greene & Letts.  Specific written objections to this Report and Recommendation may be served within fourteen (14)

business days from the date this order is served. FED. R. CIV. P. 72(b). Failure to file objections with the District Judge within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in this Report and Recommendation.

The Court's courtroom deputy will inform the Clerk's Office of the issuance of this Report and Recommendation so that a District Judge can be assigned to hear any appeal. As noted earlier, pursuant to Internal Operating Procedure 11(f), "[i]f the magistrate judge . . . issues a report and recommendation on a dispositive motion, the clerk shall assign the case by lot to a district judge." Any objections to this Report and Recommendation shall be filed with the Clerk and a courtesy copy provided to the assigned District Judge.

This case is set for a status hearing on December 13, 2011, at 10:00 a.m.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 13, 2011