UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| USA ) | Case Number: 11cv5937 |
| ) | |
| Plaintiff ) | Magistrate Judge: Jeffery T. Gilbert |
| v. ) | |
| Aimee Krause ) | Presiding Judge: Sharon J. Coleman |
| ) | |
| Defendant ) | |
| ) | |
| v. ) | |
| John A. Goudge and Greene & Letts ) | |
| ) | |
| Respondents ) | |

FILED
FEB 0 9 2012
FEB 09 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### PETITION BY AIMEE KRAUSE FOR AN ORDER
### TO SHOW CAUSE WHY RESPONDENTS GOUDGE AND GREENE & LETTS
### SHOULD NOT BE FOUND IN CIVIL CONTEMPT

Aimee Krause presents this Petition for an order requiring Respondents Goudge and Greene & Letts to show cause why they should not be found in civil contempt of the Text Entry, entered in support of the previous Report and Recommendations of the Court issued 12/2/2011, entered by this Court on January 12, 2012 in *United States v. Aimee Krause*, Civil Action No. 11cv5937 (2011) ("Text Entry"). A copy of the Text Entry is attached hereto as Appendix A. Aimee Krause represents to the Court as follows:

NATURE OF THE ACTION

1. Goudge and Greene & Letts was contracted by the US Attorney on behalf of the US Department of education to prosecute 44 cases involving defaulted student loans in 2011. The firm filed 44 separate complaints between July 25, 2011 and August 26, 2011 using the CM/ECF system.

2. Goudge and Green & Letts published to the PACER system using CM/ECF, the un-redacted social security numbers and/or dates of birth of 38 defendants in court documents during that time frame, violating rule 5.2 (a) of the F.R.C.P. Aimee Krause was one of those defendants. The US Court of the

Northern District of Illinois subsequently re-published those documents to a webserver outside of the password protection of the PACER system before a correction could be affected.

3. As opined in the Report and Recommendations, Goudge and Greene & Letts employed redaction techniques that failed to meet even the basic standards of the court and were found to have lacked any review process established for their filing in the documents in 11cv5937.

> "If someone did proofread these documents before they were filed, they were grossly negligent, reckless and indifferent to the sensitive nature of the personal identifying information in these documents. So, although we are dealing with electronically-filed documents today, counsel's conduct fell below the methods employed in the nineteenth and twentieth centuries, let alone the twenty-first century, with regard to safe-guarding confidential and personally sensitive information in documents placed in the public record."

Martin Greene, a partner in Greene & Letts admitted in open court that their office was trying to prosecute "so many" of these cases in an attempt to explain the actions of Respondent and the firm's paralegal's failure to review the documents submitted to the court via CM/ECF.

4. Goudge and Greene & Letts were removed as counsel in USA vs. Aimee Krause and the 43 other cases they were contracted to prosecute by the US Attorney on behalf of the US Department of Education, on 10/21/2011. This was 5 weeks after Krause notified them of the breach of not only her own social security number, but that of 37 other defendants in similar cases.

JURISDICTION OF THE COURT

5. This Petition alleges violations of the Text Entry by Goudge and Greene & Letts. The Court has jurisdiction over Goudge and Greene & Letts under its inherent power to enforce compliance with its orders, pursuant to 18 U.S.C. § 401(3) (1988), and under Paragraph 5 of the Text Entry, entered in support of the previous Report and Recommendation of the Court issued 12/2/2011.

6. Paragraph 5 of the Text Entry, entered in support of the previous Report and Recommendations of the Court issued 12/2/201, provides:

> "Accordingly, the Court orders Respondents to pay Defendant $1,000 to cover the cost of the Experian Protect My ID™ credit monitoring package as well as the security freeze originally suggested by Respondents, and related but foreseeable expenses for lifting the freeze as necessary for Defendant to live her life during the next three years without incurring those expenses herself. Defendant estimates the total cost of this protection to be $982.20 but the Court has rounded-up that number to an even $1,000. Defendant shall pay that amount to Defendant within the next ten (10) days. For the avoidance of any doubt, the Court will not require Defendant to show that she actually has contracted for these services. In the Court's view, a sanction measured by the cost of these services is an appropriate sanction for the conduct described in the Court's Amended Report and Recommendation [23]. "

## OFFENSE CHARGED

7. Goudge and Greene & Letts have failed to comply with the sanctions ordered in Paragraph 5 of the Text Entry, entered in support of the previous Report and Recommendations of the Court issued 12/2/2011, by **failing to provide payment in the amount of $1,000 to Aimee Krause.**

## PRAYER

WHEREFORE, Aimee Krause moves this Court to issue an Order directing Goudge and Greene & Letts to appear before this Court at a time and place to be fixed in said Order, to show cause why they should not be adjudged in civil contempt of this Court; and

THEREAFTER, issue an Order adjudging Respondent in civil contempt of this Court's Text Entry, entered in support of the previous Report and Recommendations of the Court issued 12/2/2011, issued 1/12/2012, and further:

1. Order and direct Respondent forthwith to comply with the Court's Text Entry, entered in support of the previous Report and Recommendations of the Court issued 12/2/2011, issued 1/12/2012;
2. Impose upon Respondent a fine of up to $10,000, for every day after this Court's order that Respondent fails to carry out the directions of this Court;
3. Such further orders as the nature of the case may require and as the Court may deem just and proper to compel obedience to and compliance with the orders and decrees of this Court; and
4. Grant to the Aimee Krause reasonable costs of maintaining this proceeding.

Respectfully Submitted,

_____

Aimee Krause

Pro Se Litigant

2903 N. Kolmar #2

Chicago, IL 60641

Telephone (312) 350-0501

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5937 | **DATE** | 1/12/2012 |
| **CASE TITLE** |  | USA vs. Krause | |

**DOCKET ENTRY TEXT**

The Court has reviewed Defendant's Response To Judge's Request From Status Hearing 12/13/2011 [25] concerning an appropriate sanction in this case. For the reasons set forth in the Court's Amended Report and Recommendation dated December 13, 2011 [23] and in the Statement below, the Court orders that Respondents John Goudge and Greene & Letts ("Respondents") pay to Defendant Aimee Krause the sum of $1,000 which should be sufficient to allow Defendant to obtain, if she so chooses: (a) the Experian Protect My ID™ credit monitoring package for three-years at a total cost of $575 ($15.95 per month); and (b) a security freeze on Defendant's credit accounts with the three major credit reporting agencies together with foreseeable related costs for Defendant to lift that freeze temporarily when she needs to do so to seek credit, employment, housing, or engage in other transactions for which she may need to provide credit information. For further details see Statement below.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Defendant objected to Respondents' proposal, which the Court solicited in its Amended Report and Recommendation [23], concerning the cost of commercially available products and services designed to protect Defendant's credit and identity against potential compromise as a result of Respondents' conduct. Respondents notified the Court's courtroom deputy that they would not be filing anything in reply to Defendant's Response [25]. The Court has taken into account Respondents' and Defendant's suggestions in fashioning the sanctions set forth in this Order.

The Court declines to adopt Defendant's suggestion that it require Respondents to purchase a lifetime insurance policy to cover her for the "known and identified risks the negligent behaviors the respondents have created for [Defendant]." [Dkt#25, at 1.] The Court has no idea whether such an insurance policy is commercially available or, if it is, what it would cost. Under the circumstances described in the Court's Amended Report and Recommendation [23], however, the Court believes requiring Respondents to purchase such a policy for Defendant is overkill. *Weems v. United States*, 217 U.S. 349, 367 (1910)("It is a precept of justice that punishment for crime must be graduated and apportioned to offense.")

Defendant's personal information was publicly available on the internet for a relatively short amount of time. She has brought forth no evidence that her credit or identity have, in fact, been compromised in the last four and one-half months. So that Defendant can monitor her credit profile and her credit security closely, and in an effort to address whatever risk may exist that Defendant's identity or credit could be compromised in the future, the Court will order Respondents to pay to Defendant an amount sufficient for her to pay for certain protective measures, including identity theft insurance, for the next three years. But a

| STATEMENT |
|---|

lifetime insurance policy at an unknown cost and benefit in addition to whatever coverage may be provided by the Experian Protect My ID™ credit monitoring package seems to be more than is reasonable under the circumstances.

The Court accepts, however, Defendant's proposal that Respondents be required to pay for more robust credit monitoring and identity theft insurance coverage than Respondents originally proposed. Respondents proposed a package of products and services that would cost roughly $370 for three years of protection in their letter to the Court dated December 9, 2011. Upon reflection, the Court believes that Defendant's proposal comes closer to hitting the mark here. The Experian Protect My ID™ credit monitoring package suggested by Defendant provides for daily monitoring of Defendant's credit profile with the three major credit reporting agencies and daily internet scanning for unauthorized use of Defendant's social security number. It also provides $1 million of identity theft insurance.

Accordingly, the Court orders Respondents to pay Defendant $1,000 to cover the cost of the Experian Protect My ID™ credit monitoring package as well as the security freeze originally suggested by Respondents, and related but foreseeable expenses for lifting the freeze as necessary for Defendant to live her life during the next three years without incurring those expenses herself. Defendant estimates the total cost of this protection to be $982.20 but the Court has rounded-up that number to an even $1,000. Defendant shall pay that amount to Defendant within the next ten (10) days. For the avoidance of any doubt, the Court will not require Defendant to show that she actually has contracted for these services. In the Court's view, a sanction measured by the cost of these services is an appropriate sanction for the conduct described in the Court's Amended Report and Recommendation [23].

It is so ordered.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

USA
Plaintiff(s)

CASE No. 11 CV 5937

vs.

JUDGE: GILBERT

Aimee Krause
Defendant(s)

**PROOF OF SERVICE**

TO: John A Goudge
111 W Washington St #1650
Chicago, IL

TO: Greene & Letts
111 W Washington St #1650
Chicago, IL 60602

I, the undersigned (plaintiff/defendant), certify that on the 9th day of February, 2009, I served a copy of this Petition for an Order to Show Cause to each person whom it is directed by way of Personal Service.

Signature: Aimee Krause
Name: Aimee Krause
Address: 2903 N. Kolmar
City/Zip: Chicago, IL 60641
Telephone: 312 350 0501