UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11cv5937 |
| ) | |
| AIMEE KRAUSE, ) | |
|     Defendant. ) | |

## MEMORANDUM OF LAW

Now comes Plaintiff, United States of America, by and through its attorney, Potestivo & Associates, P.C. and pursuant to the order entered on April 17, 2012 states the following contract principles in order to facilitate the settlement conference for this matter:

**Acceptance of Contract Through Performance**

General contract principles dictate that although a contract may not be signed, it does not imply that a contract has not been formed. *Carroll v. Stryker Corp.*, 658 F.3d 675, 683 (7th Cir. Wis. 2011). In the instant matter, Defendant has alleged that one of the promissory notes Plaintiff is seeking to enforce was not signed by Defendant. In *Carroll v. Stryker Corp.*, the plaintiff did not sign a compensation plan which evidenced a contract entered into between the plaintiff and defendant. *Carroll*, 658 F.3d at 683. Although he did not sign the plan, the court held that he accepted the "compensation plan by performing under its terms, and the lack of his signature does not defeat this acceptance by performance." *Id.* Similarly, in *Skelton v. General Motors Corp.*, the court held that although a party to a settlement agreement did not sign the agreement, when he retained benefits from that settlement agreement by cashing the settlement check, he became bound by the agreement. *Skelton v. General Motors Corp.*, 860 F.2d 250, 259 (7th Cir. Ill. 1988). The court stated that because the non-signing party accepted the benefit of

the check from the settlement, this ratified the contract and it became binding even though it was not signed. *Skelton*, 860 F. 2d at 259..

In the instant matter, there have been assertions by Defendant that she is not liable for the amount owed under a certain note as she alleges she did not sign the instrument. It has not been disputed to this point by Defendant that she did not receive the money from that loan to attend school. Based on this, Defendant retained a benefit from the disbursement of her student loan, namely that she was able to attend school with the assistance of said note being disbursed. As Defendant has accepted the benefit of the disbursement of the note, she may not now claim to be unbound by the contract because she alleges it is not signed as was the case in *Skelton v. General Motors Corp.* and *Carroll v. Stryker Corp.* Her acceptance of the benefit of the disbursement of the note amounts to acceptance of the terms of the contract and thus a valid contract was formed in the event the note was not signed by Defendant.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

*s/Nickolas Schad*
Nickolas Schad
Attorney for Plaintiff
Potestivo & Associates, P.C.
223 W. Jackson, Ste. 610
Chicago, Illinois 60606

# CERTIFICATE OF SERVICE

The undersigned Attorney for the United States hereby certifies that in accordance with Fed R. Civ. P. 5, LR 5.5, and the General Order on electronic Case Filing (ECF), the following documents:

MEMORANDUM OF LAW

Was served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on May 1, 2012, to the following non-ECF filers:

Aimee Krause
2903 N Kolmar, #2
Chicago, IL 60641

*s/Nickolas Schad*
Nickolas Schad
Attorney for Plaintiff
Potestivo & Associates, P.C.
223 W. Jackson, Ste. 610
Chicago, Illinois 60606